CASE NO. 23-5071

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**UNITED STATES**

        **Plaintiff-Appellee,**

**V.**

**SALVADOR JONES**

        **Defendant-Appellant.**

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

**REPLY BRIEF OF APPELLANT**

Christopher Bazeley, Esq.
Attorney at Law
9200 Montgomery Rd, Suite 8A
Cincinnati, Ohio 45242
(513) 748-5092
bazeleyc@bazeleylaw.com
CJA Attorney for Appellant

Terry Cushing, Esq.
Office of the U.S. Attorney for
Western District of Kentucky
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
Attorney for Appellee

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS………………………………………….. | i |
| TABLE OF AUTHORITIES…………………………………….… | ii |
| STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION…………………………………….… | 1 |
| STATEMENT OF THE ISSUE PRESENTED……………………… | 1 |
| STATEMENT OF THE FACTS AND CASE………………………. | 1 |
| SUMMARY OF THE ARGUMENT…………………………………… | 2 |
| STANDARD OF REVIEW………………………………………... | 2 |
| ARGUMENT…………………………………………………………. | 3 |
| CONCLUSION………………………………………………………. | 10 |
| CERTIFICATE OF COMPLIANCE………………………………. | 11 |
| CERTIFICATE OF SERVICE…………………………………….. | 11 |

# TABLE OF AUTHORITIES

Page

**Other Circuit Court Cases:**

*U.S. v. Kaley*, 760 Fed. Appx. 667 (11th Cir. 2019)……………………… 8

**Rules of Court:**

Fed. R. Evid. 803………………………………………………………..5

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The Statement of Subject Matter and Appellate Jurisdiction from Appellant's Brief is incorporated herein as if fully rewritten.

## STATEMENT OF THE ISSUES PRESENTED

I. JONES' CONVICTIONS WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE TO SHOW THAT THE BANKS WERE INSURED BY THE FDIC.

II. THE DISTRICT COURT ERRED WHEN IT OVERRULED JONES' MOTION TO STRIKE THE TESTIMONY OF DETECTIVE O'DANIEL.

III. THE DISTRICT COURT ERRED WHEN IT ALLOWED THE GOVERNMENT TO PLAY RECORDINGS OF PRIVLEDGED COMMUNICATIONS BETWEEN JONES AND HIS SPOUSE AT TRIAL.

IV. THE DISTRICT COURT ERRED WHEN IT OVERRULED JONES' MOTION FOR A MISTRIAL AFTER PROCEEDING WITHOUT SWEARING IN THE JURY.

## STATEMENT OF THE FACTS AND CASE

The Statement of the Facts and Case from Appellant's Brief is incorporated herein as if fully rewritten.

## SUMMARY OF THE ARGUMENTS

I. The government failed to produce legally sufficient evidence to show that the banks Jones allegedly robbed were insured by the FDIC, an element to the federal offense of bank robbery.

II. The district court erred when it overruled Jones' motion to strike the testimony of Detective O'Daniel when the district court, sua sponte, halted his direct testimony and prevented cross-examination on the same day after the witness' testimony became confusing.

III. The district court erred when it allowed the government to play a recording of a private and privileged conversation between Jones and his wife.

IV. The district court erred when it overruled Jones' motion for a mistrial after realizing that it began the trial, namely opening statements, without swearing in the jury.

## STANDARD OF REVIEW

I. The standard of review on appeal for an insufficient-evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S. Ct. 2781.

II. This court reviews a district court's decision to admit evidence over an objection as an abuse of discretion. *U.S. v. Jackson*, 636 F.3d 687 (5th Cir. 2011).

III. In reviewing a district court's evidentiary determinations, this court reviews a district court's conclusions of law de novo and factual determinations that underpin the legal conclusion for clear error. *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015).

IV. Whether a district court erred in proceeding with a jury trial without swearing the jury is a question of law that this court reviews de novo. *U.S. v. Little Dog*, 398 F.3d 1032 (8th Cir. 2005).

# ARGUMENT

I. JONES' CONVICTIONS WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE TO SHOW THAT THE BANKS WERE INSURED BY THE FDIC.

The government argues that it satisfied its burden to show that each of the banks allegedly robbed by Jones was insured under the Federal Deposit Insurance Company (FDIC) with three pieces of evidence.

First, it cites the testimony of the manager of the Breckinridge Road branch of U.S. Bank, Justin Miracle, that he saw his branch's "financials" and knew how much it paid for insurance. [Appellee Brief, p. 22]. However, he expressly limited his testimony to payments for "how much <u>my branch</u> specifically had to pay each month or year to the FDIC insurance." [R. 113, Trans. Trial Vol. 3A, PageID #1114](Emphasis Added). Miracle also failed to testify as to what other information was contained in the "financials" or whether payments for his branch were current at the time of the robbery.

Second, the government cites the testimony of Cynthia Mulhall that U.S. Bank is insured by the FDIC. [Appellee Brief, p. 22]. Mulhall testified that she words as a market operations analyst for U.S. Bank and her job duties include training branch employees and documenting how much

3

money was taken from each drawer after a robbery. [R. 108, Trans. Trial Vol. 3B, PageID# 790]. There is no testimony to show how she would have any personal knowledge of the status of U.S. Bank's FDIC insurance payments. Rather, she simply testified that U.S. Bank is federally insured without any foundational testimony to show how she came to that knowledge. [*Id*., PageID# 93]. Miracle's testimony suggests that each branch pays FDIC insurance premiums separately. Mulhall failed to identify which branches she believed were insured by the FDIC.

Neither Miracle or Mulhall testified as to whether FDIC insurance was current at the time of the robbery for any of the branches. Furthermore, there is no testimony regarding whether the 5/3 Bank branch was insured by the FDIC.

Third, the government points to the FDIC insurance certificates.[1] In its Appellee Brief, the government classifies Jones' argument regarding the certificates as falling under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. Jones agrees that this court could

---

[1] [1]The undersigned wishes to correct a typographical error in the Appellant's Brief. On pages ii and 6 of that brief, the undersigned asserts that the records were admitted under Fed. R. Evid. 606. That is incorrect. The proper citation is to Fed. R. Evid. 803. [Trans. Trial Vol. 3A, PageID# 119]. The undersigned apologizes for any confusion.

4

consider the issue as such. This court could resolve this issue as an abuse of discretion and/or a violation of the Confrontation Clause.

Regardless, the express language of Fed. R. Evid. 803 provides that documents are admissible whether or not a witness is available. However, the government fails to address Jones' argument that the trial court abused its discretion when it declined the government's offer to have a witness testify to authenticate those exhibits. The district court simply declined the offer. [R. 108, Trans. Trial Vol. 3B, PageID# 749]. Jones was prejudiced in that the government was then able to argue to the jury that the district court would not have allowed the certificates in if they were not valid – improperly suggesting that the district court vouched for their authenticity and satisfying one of the elements of the offense. [R. 115, Trans. Trial Vol. 5, PageID# 1446].

How does a defendant defend against certificates while preserving their constitutional rights in a criminal case? This case provides an example of the problem. The government produced Miracle, Mulhall, and other bank employees as witnesses - none of whom have personal knowledge of how FDIC insurance is maintained or were qualified as experts on the subject. The burden then shifts to the defendant to produce a witness to testify that the certificates are somehow flawed, and the government could then call a

rebuttal witness. The flip-flop would result in the defendant presenting testimony that they are not guilty to be rebutted by testimony that they are guilty – a reversal of the burden of proof.

Jones was denied the opportunity to cross examine the witness offered by the government to determine whether the insurance was current at the time of the robberies. Denying him the opportunity to confront a government witness about this critical issue in flips the burden of proof and results in the government being able to "convict by certificate."

II.    THE DISTRICT COURT ERRED WHEN IT OVERRULED JONES' MOTION TO STRIKE THE TESTIMONY OF DETECTIVE O'DANIEL.

The government states that the district court did not *sua sponte* interrupt Detective Timothy O'Daniel's confusing testimony. [Appellee Brief, p. 27]. It also suggests that the cross-examination was interrupted because it considered the current status of the law, and not Detective O'Daniel's testimony, "hazy." [*Id*.]. However, the record demonstrates otherwise.

While Jones objected to the government's line of questioning that resulted in the sidebar, the record is clear that he fully expected to return to

cross examination after the immediate issue was resolved. It was the district court, over Jones' objection, that insisted "I think we should press pause…I would rather just pause, and then when it's time for a break, have [Detective O'Daniel] take the stand, and we can just talk in plain English outside the earshot of the jury about what he knows and what he doesn't know." [R. 77, Trans. Trial O'Daniel I, PageID# 421]. The district court continued, "some of this is very hazy." [*Id*.].

The government argues that the district court's use of the word "this" refers to the state of the law concerning cell phone tower data. However, a plain reading of "what he knows and what he doesn't know" shows that the district court was referring to Detective O'Daniel's testimony and not the state of the law. Furthermore, the district court's statement must be considered in the light of the record immediately proceeding these comments. Just prior to halting Detective O'Daniel's testimony the district court warned the government that it needed to help its witness "sort out" his hazy testimony and conducted its own inquiry to clarify Detective O'Daniel's hazy testimony regarding computer files. [*Id*., PageID# 417, 420].

The government's argument that there is no prejudice because Jones eventually had the opportunity to cross-examine Detective O'Daniel misses

the point. Jones' opportunity only came after the witness was able to "reset" his testimony. It is reasonable to assume that Detective O'Daniel was able to pick up clues of what was expected of him during the *Daubert* hearing, think through what he wanted to say, and adjusted his testimony accordingly.

Jones was denied his right to capitalize on O'Daniel's confusion to undermine his credibility and demonstrate that he was shading his testimony to please the government. *See U.S. v. Kaley*, 760 Fed. Appx. 667, 679 (11th Cir. 2019). His testimony was critical in placing Jones at the scene of the crimes. But-for the district court's arbitrary and unreasonable decision to halt that testimony mid-stream, Jones would have been able to undermine the witnesses' credibility and could have been acquitted.

III.   THE DISTRICT COURT ERRED WHEN IT ALLOWED THE GOVERNMENT TO PLAY RECORDINGS OF PRIVLEDGED COMMUNICATIONS BETWEEN JONES AND HIS SPOUSE AT TRIAL.

The government states that Jones was warned that all jail phone calls were recorded and monitored. It then states that "[i]nmates who use the

jailhouse phones are told by a recording that their conversations are recorded and are subject to monitoring." [Appellee Brief, p. 30].

The statements beg the question, where did the government get that information? It fails to point to anything in the record to support its assertions. It fails to quote a portion of the tape played to the jury or cite a witnesses' testimony that signs or other warnings were in place that would let Jones know his personal call to his wife would be monitored.

As a result, Jones believed that he made the statements to his wife in confidence and the spousal privilege applies. The district court abused its discretion when it allowed the tapes to be played to the jury. He was prejudiced by that decision because the jury was led to believe that he had personal knowledge of the crimes.

IV. THE DISTRICT COURT ERRED WHEN IT OVERRULED JONES' MOTION FOR A MISTRIAL AFTER PROCEEDING WITHOUT SWEARING IN THE JURY.

In reply to the government's response to his Fourth Assignment of Error, Jones incorporates his arguments from his Appellant's Brief herein as if fully rewritten.

## CONCLUSION

WHEREFORE, Jones prays that this court will vacate his conviction.

                                RESPECTFULLY SUBMITTED

                                <u>s/ Christopher Bazeley</u>
                                Christopher Bazeley
                                Attorney for Appellant

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(C) as it contains fewer than 1,100 words, excluding the corporate disclosure statement, table of contents, table of citations, statement in support of oral argument, any addendum, and certificates of counsel. Certification is based on the word count function of Microsoft Word, the word processing system used in preparing this brief.

<u>s/ Christopher Bazeley</u>

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this brief was filed electronically with the Clerk of Courts for the Sixth Circuit Court of Appeals. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>s/ Christopher Bazeley</u>

# ADDENDUM 1

## Designation of Relevant Documents

| R. | Page ID# Range | Description |
|---|---|---|
| 77 | 390-424 | Trans. O'Daniel Vol. 1 |
| 108 | 700-807 | Trans. Trial. Vol. 3B |
| 113 | 1061-1146 | Trans. Trial Vol. 3A |
| 115 | 1248-1461 | Trans. Trial Vol. 5 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |